IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JBM, INC. d/b/a BLUEGRASS
    SATELLITE & SECURITY,

    Plaintiff,

vs.

Case No. C2-03-1158
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

NATIONAL PRODUCTION WORKERS
    UNION, LOCAL 707,

    Defendant.

### ORDER

In this action, Plaintiff, JBM, Inc, d/b/a Bluegrass Satellite and Security ("JBM"), seeks a declaratory judgment determining that its collective bargaining agreement with Defendant, National Production Workers Union, Local 707 ("Local 707") is valid and enforceable. Local 707 has not filed an Answer, and, to date, has not participated in this action. The Court, by previous Order, denied JBM's Motion for Default Judgment and refused to declare the rights and obligations among the parties to the collective bargaining agreement at issue in this case. The Court noted that at least two entities with potential interests were not parties to this action, specifically the United Electrical, Radio and Machine Workers of America ("UE") and the National Labor Relations Board ("NLRB"). The Court therefore denied the Motion for Default and invited the UE and the NLRB to file a response to JBM's request for relief. Both the UE and NLRB responded and opposed entry of default judgment.

After due consideration, the Court, in its discretion, declines to exercise its jurisdiction to declare the rights of the parties to the collective bargaining agreement. JBM's Motion for Default Judgment is **DENIED**. This matter is hereby **STAYED** until notice from the parties or the NLRB of the NLRB's resolution of the outstanding unfair labor practices case. This case is accordingly **ADMINISTRATIVELY CLOSED** until such time as the Court receives requisite notice.

## I.

JBM installs and services DirecTV Satellite systems. (Compl. ¶ 5.) It operates several facilities, including one in Columbus, Ohio. The dispute presently before this Court involves JBM's employees at its Columbus, Ohio facility.[1]

On August 8, 2002, JBM executed a voluntary recognition agreement with the Defendant, Local 707. JBM agreed to recognize Local 707 as the exclusive bargaining representative of "all eligible employees" upon a showing of employee majority support. (Pl.'s Mot. Default J. Ex. C.) On or about January 7, 2003, JBM allegedly solicited a majority of its Columbus, Ohio employees to sign Local 707 membership cards and dues checkoff authorizations at a mandatory meeting. (UE's Statement Opp'n Pl.'s Motion Default J. [hereinafter "UE's Statement"] Ex. 4 ¶ 9.) Pursuant to the voluntary recognition agreement, JBM then recognized Local 707 as the exclusive bargaining representative of its Columbus, Ohio employees. (*Id.* ¶ 10(a).) Since that time, JBM has maintained and enforced successive collective bargaining agreements with Local 707, the most recent of which is effective from April 1, 2003, through March 30, 2006. (*Id.* ¶ 10(b); Pl.'s Mot. Default J. Ex. F.)

---

[1] Because they are concisely drafted, the following facts are drawn largely from the NLRB's Response to the Court's Order inviting comments to JBM's request for relief.

Beginning in May 2003, the UE campaigned to organize JBM's employees at the Columbus, Ohio facility. From May 2003 through October 2003, the UE filed a series of unfair labor practice charges with the NLRB's Region 9 office in Cincinnati, Ohio. In those charges, the UE alleged that JBM unlawfully rendered assistance and support to Local 707 by soliciting employees to join Local 707 at the January 7, 2003, meeting and by deducting dues on behalf of Local 707 thereafter. (UE's Statement "Composite Exhibit 1-A.") Additional unfair labor practices charges alleged that Local 707 unlawfully accepted dues and JBM's recognition when it lacked employee majority support.

The Regional Director for Region 9 found merit to these charges, and in October 2003, Local 707 entered into a settlement agreement with the NLRB. Under the terms of the agreement, Local 707 agreed not to act as the exclusive bargaining representative of JBM's Columbus, Ohio employees and not to give effect to the collective bargaining agreement insofar as it applied to those employees. (Compl. ¶¶ 9-10; Pl.'s Mot. Default J. Ex. H.)

Although Region 9 entered into a compromise with Local 707, it did not reach a similar pre-complaint settlement agreement with JBM. Instead, on September 30, 2003, the Regional Director issued a consolidated complaint against JBM alleging, *inter alia*, unlawful assistance to and recognition of Local 707. (UE's Statement Ex. 2 ¶¶ 8-10, 12, 14.) A second consolidated complaint issued on December 23, 2003. (*Id.* Ex. 4.) A hearing was held before an administrative law judge, and on March 17, 2004, during the third day of the hearing, JBM and the UE entered into a settlement agreement, which was approved by the administrative law judge. In the agreement, JBM agreed to recognize the UE, rather than Local 707, as the exclusive bargaining representative of its Columbus, Ohio employees. (*Id.* Ex. 6.) JBM subsequently moved to set aside the settlement agreement on the alleged basis that majority support for the UE never existed. (*Id.* Ex. 7.) By

memorandum and order dated July 23, 2004, the ALJ denied JBM's motion. (*Id.* Ex. 10.) Although the NLRB's Rules and Regulations provide for an appeal of such a decision by the ALJ, see 29 C.F.R. § 102.26 (2004), no appeal to the NLRB was taken.

The UE has filed several unfair labor practice charges against JBM in the post-settlement period.[2] Based on those charges, the Regional Director issued a complaint on January 13, 2005, alleging that JBM has engaged in dilatory bargaining tactics and has committed other violations of the National Labor Relations Act. See attached Ex. B ¶¶ 13, 14-17. In its answer to the complaint, JBM asserts that its recognition of the UE was based on "tainted, illegal, and fraudulently obtained" evidence of majority support. See attached Ex. C ¶ 15. A hearing that was originally scheduled for April 12, 2005, was postponed pending the Region's completion of an investigation into newly filed charges in which the UE alleges that JBM has unlawfully declared a bargaining impasse and has unilaterally implemented new terms and conditions of employment.

In addition, two petitions seeking to decertify the UE as exclusive bargaining representative were filed with Region 9 in the post-settlement period. Because of the pending unfair labor practice charges against JBM, one of the petitions was "blocked" pursuant to NLRB practice, and ultimately dismissed by the Regional Director. The other was dismissed because it was filed before a sufficient amount of time for good faith bargaining had elapsed after JBM agreed to the settlement recognizing the UE.

---

[2] JBM objects to the extent that the NLRB has referenced proceedings and decisions that have taken place after the effective date of the collective bargaining agreement between JBM and Local 707. The Court, however, uses the post-settlement information provided by the NLRB to place the entire dispute between the parties in context and as a reasoned basis to defer its jurisdiction until after the NLRB has resolved matters over which it has jurisdiction.

On December 10, 2003, while the unfair labor practice complaint alleging unlawful assistance and recognition by JBM was still pending, JBM brought this action against Local 707 under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. JBM alleges that the initial unfair labor practice charges filed by the UE led to Local 707's settlement agreement, which in turn caused Local 707 to breach the terms of its collective bargaining agreement with JBM. (Compl. ¶¶ 8-11.)

JBM seeks a declaratory judgment determining that its collective bargaining agreement with Local 707 remains valid and enforceable. Local 707 failed to move or plead to JBM's Complaint. On February 20, 2004, JBM moved for default judgment. While that motion was pending, JBM signed the unfair labor practice settlement agreement with the UE and recognized it as the exclusive bargaining representative of its Columbus, Ohio employees. This Court denied JBM's default motion without prejudice to refiling and requested that the NLRB and the UE respond to the relief sought.

## II.

The Court agrees with the NLRB that the instant lawsuit between JBM and Local 707 calls upon the Court to interfere in representational issues that fall within the exclusive jurisdiction of the NLRB, which has institutional oversight over the formation and termination of collective bargaining relationships. The Court also agrees that it should abstain from interfering in this action to the extent that the relief JBM seeks may conflict with the NLRB's resolution of the unfair labor practice case pending against JBM.

Declaratory relief is discretionary. *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984). Considering all the relevant circumstances presented here, the Court

concludes that the better practice would be to decline to grant the remedy JBM requests and withhold judgment on the merits regarding the rights between the parties to the collective bargaining agreement until the parties have exhausted all relief before the NLRB on the underlying representational dispute.

JBM opposes the NLRB's argument that the Court would, by necessity, be called upon to resolve contested representational issues by entering the requested declaratory relief it seeks. JBM argues that a declaratory judgment by this Court may obviate the need for the continuation of the unfair labor practice litigation. Yet, if the Court were to grant JBM's request, it would declare, in effect, Local 707 as the present exclusive bargaining agent for the Columbus, Ohio employees. In the pending unfair labor practice case, however, the UE's status as exclusive bargaining representative, as recognized by JBM in its March 2004 settlement agreement, is precisely at issue.

Contrary to JBM's contentions, this Court cannot grant the requested relief without interfering in the NLRB's jurisdiction to resolve the underlying representation issues. Despite JBM's characterization of this case as a common labor contract enforcement action, the underlying representation questions remain in conflict. Instead, during the course of the pending unfair labor practice case, JBM may fully litigate the status of the UE as the exclusive collective bargaining representative of the Columbus, Ohio employees.

The NLRB has extensive administrative processes for determining which union, if any, is entitled to represent JBM's Columbus employees. JBM may not avoid the NLRB by resorting to a collateral contract enforcement action. *Int'l Bhd. of Boilermakers. v. Olympic Plating Indus., Inc.*, 870 F.2d 1085, 1089-90 (6th Cir. 1989)(holding that Section 301 claims that require court to "decide [which union] is the proper bargaining unit of [employer's] employees . . . should be preempted to

the Board's exclusive jurisdiction.") This Court has no jurisdiction to determine the representational status of the bargaining unit, as questions regarding the legitimacy of the bargaining representative belong to the NLRB in the first instance. *Id.* at 1089-90.

The Court therefore declines to adjudicate the Section 301 action set forth in JBM's Complaint out of deference to the NLRB's expertise and primary jurisdiction to resolve representation questions. *See United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local 342 v. Valley Eng'rs*, 975 F.2d 611, 613-14 (9th Cir. 1992); *see also W. Point-Pepperell, Inc. v. Textile Workers Union*, 559 F.2d 304, 307 (5th Cir. 1977) (per curiam) (affirming district court's dismissal of Section 301 declaratory action because it "call[ed] for a resolution of the right to represent, a matter within the exclusive domain of the NLRB and not compatible with the purpose of Section 301").

### III.

The NLRB's Motion for Leave to File Documents (Surreply) (Doc. #25) is **GRANTED** and JBM's Motion to Strike Surreply (Doc. #26) is **DENIED**. Consistent with the foregoing, JBM's Motion for Default Judgment is **DENIED**. This matter is hereby **STAYED** until notice from the parties or the NLRB of the NLRB's resolution of the outstanding unfair labor practices case. This case is accordingly **ADMINISTRATIVELY CLOSED** until such time as the Court receives such notice.

**IT IS SO ORDERED.**

3-16-2006
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**